WILLIAM MILLER *v.* HENRY HOLMES.

May Term, 1915.

Present:   MUNSON, C. J., WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed October 11, 1915.

*Easements—Enjoining    Obstructions—Decree—Construction—*
    *"Permanent."*

Where orator was granted a right of way so long as designated buildings then owned by the grantors should stand, and a temporary injunction issued restraining defendant from obstructing that easement or interfering with the right of way until further order of court, a final decree by which that injunction "is made permanent" is not erroneous as giving orator rights exceeding his grant, for the word "permanent" does not always denote absolute perpetuity, but should be construed with reference to the terms of the grant of the right of way, and when so construed the decree means the same as if it read, the temporary injunction "is made permanent ·within the life of the easement."

APPEAL IN CHANCERY, Washington County, *Miles,* Chancellor. Heard at Chambers, January 20, 1915, on the pleadings and finding of facts by the chancellor. Decree for the orator. The defendant appealed. The opinion states the case.

*John H. Senter* and *Theriault & Hunt* for the orator.

*H. C. Shurtleff* for the defendant.

WATSON, J. The grant of the right of way in question is in words as follows: "The said Miller, and his heirs and assigns, are to have the right of way to and from the said premises hereby conveyed, so long as the buildings now on the remaining portion of the Union House lot now owned by us shall stand." A temporary injunction was granted restraining the defendant "from moving any buildings or placing other obstructions across the right of way, or in any manner interfering with said right of way, until further order of court." By the decree from which the appeal was taken, the temporary injunction "is made permanent."

It is urged that by thus making the injunction *permanent,* the decree gives the orator greater rights than he takes under his deed, and is therefore erroneous. But this depends upon the force of the word *permanent,* as used therein. It is said in *Richmond* v. *Smith,* 101 Va. 161, 43 S. E. 345, that this word does not always embrace the idea of absolute perpetuity, or lasting forever. And in *Texas & Pacific R. Co.* v. *City of Marshall,* 136 U. S. 393, 34 L. ed. 385, 10 Sup. Ct. 846, the Court said it does not mean "forever," or "lasting forever," or "existing forever"; and that the language used is to be considered according to the subject-matter of the contract. Applying the same rule here in considering the decree under view, we think the word *permanent* is to be construed with reference to the terms of the grant of the right of way, and that when so construed, the decree means the same as though it read, the temporary injunction "is made permanent within the life of the easement."

Defendant says that during the pendency of the injunction, the orator has suffered his team to stand on land of defendant when being loaded and when waiting to be loaded, and that in these circumstances the orator should be decreed to pay a reasonable rental therefor. But the findings show that the burden

upon defendant's right has not been increased by anything the orator has done in this respect.

*Decree affirmed as of the date of the appeal, and cause remanded.*